Mark Berkowitz (Bar No. 232472017)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel.:      (212) 216-8000
Fax:      (212) 216-8001
E-mail: mberkowitz@tarterkrinsky.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LY BERDITCHEV CORP., | Civil Action No. 24-cv-9337 |
| Plaintiff, | |
| v. | **COMPLAINT AND** <br> **JURY TRIAL DEMAND** |
| KANGOL, LLC; BOLLMAN HAT COMPANY; and SICA VON PLATO, | *Electronically Filed* |
| Defendants. | |

Plaintiff LY Berditchev Corporation ("Plaintiff"), by and through its counsel, for its Complaint against Kangol, LLC ("Kangol"), Bollman Hat Company ("Bollman") and Sica Von Plato ("Von Plato") (collectively, "Defendants"), alleges as follows:

### INTRODUCTION

1.      Defendants are engaged in a scheme to manipulate, fix, and control the pricing for consumer products on online marketplaces.

2.      In furtherance of the scheme, Defendants knowingly and deliberately submit false reports of intellectual property infringement to online platforms, including Amazon.com, in order to prevent third parties from reselling genuine products on the marketplace at competitive prices.

3.      Defendants' nefarious actions cause consumers to pay more for common goods, undermine Amazon's competitive pricing policies, and intentionally caused harm to Plaintiff.

-1-

4.     This action seeks redress for these tortious, defamatory, and anticompetitive activities.

## PARTIES

5.     Plaintiff is a corporation organized and existing under the laws of the State of New York, with an address at 95 High St., Passaic, NJ 07055.

6.     On information and belief, Defendant Kangol is a Delaware company and maintains a principal place of business at 110 E. Main Street, Adamstown, Pennsylvania 19501.

7.     On information and belief, Defendant Bollman is a Delaware company and maintains a principal place of business at 110 E. Main Street, Adamstown, Pennsylvania 19501.

8.     On information and belief, Defendant Von Plato is the Vice President, eCommerce & Digital Marketing of Defendant Bollman and can be served at 110 E. Main Street, Adamstown, Pennsylvania 19501.

## JURISDICTION AND VENUE

9.     The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

10.     Defendants are subject to specific jurisdiction in this Court, *inter alia*, because they conduct business in the District and have committed at least some of the acts complained of herein within this District.

11.     On information and belief, Defendant Kangol does business in the State of New Jersey, sells large quantities of various products, including clothing products, to customers in New Jersey, engages distributors based in New Jersey, maintains an interactive website accessed

by residents of New Jersey, and otherwise avails itself of the privilege of doing business in the State of New Jersey.

12.    Each of the Defendants have purposely directed their activities, including the illegal acts against Plaintiff described below, toward this District, and this action arises from those activities.

13.    Specifically, at all relevant times, Defendants were aware the Plaintiff resides in New Jersey and that their illegal acts would cause harm to Plaintiff in New Jersey.  Specifically, Plaintiff's Amazon storefront identifies Plaintiff's address in New Jersey:

**Detailed Seller Information**

**Business Name:** LY BERDITCHEV CORP
**Business Address:**
95 High St.
Passaic
NJ
07055
US

14.    Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District and the Defendants are subject to personal jurisdiction in this District.

## BACKGROUND FACTS

15.    On information and belief, Defendant Kangol is in the business of manufacturing and distributing clothing products and related accessories, including products sold under the Kangol marks ("Kangol Products").

16.    On information and belief, Defendant Kangol is the owner of U.S. Trademark Registration No. 1011576 for KANGOL ("the Kangol Registration").

17.    On information and belief, Defendant Bollman is the majority owner of Kangol and directs and controls Kangol's operations.

18.     On information and belief, Defendant Von Plato is an employee of Bollman and carried out the illegal acts described herein.

19.     Plaintiff is in the business of lawfully acquiring and re-selling various consumer products for a profit.

20.     Plaintiff resells products through an Amazon storefront.

21.     Since its formation, Plaintiff has served hundreds of thousands of customers through its Amazon storefront.

22.     Defendants' illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

## ONLINE MARKETPLACES

23.     Upon information and belief, Amazon is the world's largest online retailer.

24.     According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

25.     Amazon's online e-commerce platform allows for third-parties, like Plaintiff, to sell products on its e-commerce platform.

26.     The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

27.     Since approximately 2016, Plaintiff has had a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

28.     Third-party sellers, like Plaintiff, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product. Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

29.     A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

30.     Once Plaintiff acquires products from reputable sources, Plaintiff resells the same products on Amazon at a profit.

31.     In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

32.     Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

33.     Plaintiff's Amazon storefront has amassed thousands of reviews and holds a near perfect customer rating.

34.     A small sample of Plaintiff's recent reviews are shown below:





35.    Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

## DEFENDANTS ATTEMPT TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS

36.    On information and belief, Defendants seek to increase their profits by controlling the distribution and pricing of their products, including the Kangol Products, through unlawful means.

37.    As demonstrated below, Defendants have engaged in a coordinated effort to preclude select third-parties from reselling genuine Kangol Products on online marketplaces by false allegations of intellectual property infringement and defamation.

38.    On information and belief, the purpose of these false complaints and defamatory statements was to prevent Plaintiff from selling genuine Kangol Products on Amazon.

39.    On information and belief, the purpose of these false complaints was to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Plaintiff.

40.    Because Plaintiff sells only genuine products through its Amazon storefront, Defendants have no legitimate intellectual property claim(s) against Plaintiff.

41.     Under the first sale doctrine, Plaintiff is lawfully permitted to re-sell Kangol

Products without violating the intellectual property rights or other legal rights of Defendants.

42.     The first sale doctrine provides that, once a manufacturer places a product in the

stream of commerce through its first sale, it can no longer enforce its intellectual property rights

with regard to re-sellers, so long as the re-sellers are selling authentic, unaltered products.

43.     It is well-known among brand owners that Amazon has a policy of acting on

virtually any notice of intellectual property infringement, whether legitimate or not.

44.     As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly
> submitted and completed notice claims of infringement. They will notify specified
> marketplace sellers which party reported them, on what listing, and how to reach
> that would-be rights owner via email. The rest though, is up to you. And, unless
> you (and possibly your legal team) can prove that the Notice claim is false, Amazon
> considers it valid and actionable.
>
> ***Unfortunately, word is out among potential Notice claim abusers that anyone can
> submit a form.*** Amazon [is] not worried about additional vetting or verification
> processes. Investigators merely check the form for completed content in all the right
> spaces, kill the listings and send off the notifications.
>
> They don't independently verify that any of the information is actually correct, or
> valid. The rights owner makes a legally-binding declaration in the form, and signs
> it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11,

2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/

(emphasis added).

45.     On information and belief, Defendants were, at all relevant times, aware of the

foregoing Amazon policy with respect to reports of intellectual property infringement.

46.     On information and belief, Defendants were, at all relevant times, aware that

Amazon will act on reports of trademark infringement, regardless of the truth of the report.

47.    Defendants filed complaints with Amazon that alleged that Plaintiff was selling Kangol Products that infringed the Kangol Registration.

48.    Defendants knew, or should have known, that such allegations were false.

49.    Each complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Defendants.

50.    On information and belief, the complaints were submitted by Defendant Von Plato under penalty of perjury.

51.    For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

> I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above.

Report Infringement, https://www.amazon.com/report/infringement (last visited October 31, 2019).

52.    Once confirmed through discovery, all other individual(s) responsible for the false intellectual property complaints described below, will be added as defendants in this action.

53.    On or about May 10, 2024, Plaintiff received a notice from Amazon stating as follows:



Hello LY Berditchev Co.,

The following listings are at risk of deactivation due to violations of our policies. You can find details of the at-risk listings below.

We are reaching out to you about this issue before it impacts your ability to sell so we can resolve this with limited impact to your business.

**Why did I receive this message?**

We received a notice of infringement from a rights owner that indicates the below ASINs are allegedly infringing upon their intellectual property rights. This is a violation of Amazon policy.

**How do I address this issue?**

Provide one or more of the following to prevent deactivation of your listings:

-- An invoice

-- Letter of authorization from the rights owner

-- A licensing agreement from the manufacturer or rights owner demonstrating that your products are lawful

For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.

**How do I submit this information?**

Go to Received Intellectual Property Complaints under the Product Compliance section in your Account Health

page: https://url.us.m.mimecastprotect.com/s/a8ANCqx2mvtLLM2rSZq3-g?domain=sellercentral.amazon.com

Locate the deactivation record for this product listing. Click "Appeal" next to the listing deactivation record to submit information necessary to reactivate your listing.

**Has this message been sent in error?**

If you believe there has been an error, contact us on your Account Health page by clicking "Appeal" next to the listing at risk of removal and following the instructions provided: https://url.us.m.mimecastprotect.com/s/a8ANCqx2mvtLLM2rSZq3-g?domain=sellercentral.amazon.com

If you think that the rights owner has made an error in sending the notice, reach out to the rights owner and ask them to submit a retraction of this notice. We may only accept retractions that the rights owner submits to us directly. We do not accept forwarded or attached retractions. The link is located below the appeal form.

**What happens if I do not provide the required information?**

If we do not receive a valid appeal by the due date on your Account Health page, the listing will be deactivated. The violation record will remain on your Account Health page for up to 180 days after the listing was deactivated or until the violation is successfully disputed. Leaving this and other listing violations unaddressed may result in account deactivation. If you do not provide the information within 90 days, you will receive a request to remove the inventory associated with these listings per our removal

policy: https://url.us.m.mimecastprotect.com/s/rA7FCrkYnwHwwBmjSzNRFA?domain=sellercentral.amazon.com

Failure to address this request can lead to disposal of your inventory in accordance with the Business Solutions Agreement.

**We're here to help.**

If you need help understanding why your listings may infringe the intellectual property rights of others, search for "Intellectual Property policy" in Seller Central Help: https://url.us.m.mimecastprotect.com/s/TDJECv2jrAHOOklgSzE_2n?domain=sellercentral.amazon.com

If you have questions about this policy or the information requested above, contact us: https://url.us.m.mimecastprotect.com/s/GJOACwpkvBt00wNQsKiuUZ?domain=sellercentral.amazon.com

---

**Rights owner details:**

-- Krystian

-- krystian.fiedor@buyboxexperts.com

**Rights owner communication:** We have a closed distribution network and this seller did not purchase from us. Kangol will not honor the warranty on this product making the product counterfit due to being material different.

**ASIN:** B07F1XMJZ6

**Title:** Kangol Tropic 504 Ventair, Black, Large

**Violation type:** Counterfeit

**Complaint ID:** 15242398621

---

You can view your account performance (https://url.us.m.mimecastprotect.com/s/a8ANCqx2mvtLLM2rSZq3-g?domain=sellercentral.amazon.com) or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health page shows how well your account is performing against the performance metrics and policies required to sell on Amazon.

-- Download the iOS app: https://url.us.m.mimecastprotect.com/s/QCilCyPmxEi66B4WtAL7k4?domain=itunes.apple.com

-- Download the Android app: https://url.us.m.mimecastprotect.com/s/21lECzpnyGt88jrBSBd-u3?domain=play.google.com

Thank you,

Amazon Services

54.     The above report relates to Kangol Products, which are referenced by their

Amazon Standard Identification Numbers ("ASIN").

55.     The Kangol Products identified in the above report were genuine.

56.     The Kangol Products identified in the above report were distributed by Defendant Kangol.

57.     On information and belief, prior to filing the above report, Defendants knew, or should have known, that the Kangol Products sold by Plaintiff were not counterfeit and did not infringe the above cited Kangol Registration.

58.     On information and belief, Defendants' allegation that the above Kangol Products were counterfeit was knowingly false and made in bad faith.

59.     Upon receiving the above report, Plaintiff immediately confronted Kangol's agent, Krystian Fiedor of Buy Buy Box Experts, regarding the report.

60.     Mr. Fiedor explained that Kangol filed the false report in order enforce selective distribution agreements with unrelated parties (i.e., the products were not counterfeit).

61.     Amazon expressly states on its intellectual property submission form that Amazon's reporting tools may ***not*** be used for enforcement of private distribution agreements. *See* https://www.amazon.com/report/infringement ("**Exclusive or selective distribution:** Amazon respects a manufacturer's right to enter into exclusive distribution agreements for its products. However, ***violations of such agreements do not constitute intellectual property rights infringement.*** As the enforcement of these agreements is a matter between the manufacturer and the retailers, it would not be appropriate for Amazon to assist in enforcement activities.").

62.     After further challenge, Mr. Feidor retracted the false report.

63.     For several months, Kangol refrained from submitting reports to Amazon.

64.     However, in August, the reports resumed in force.

65. On or about August 21, 2024, Plaintiff received a notice from Amazon stating that Plaintiff was selling "counterfeit" Kangol Products. The report related to ASIN: B0758LKCQX and was assigned Complaint ID: 15848318951.

66. On or about August 24, 2024, Plaintiff received a notice from Amazon stating that Plaintiff was selling "counterfeit" Kangol Products. The report related to ASIN: B001V6QXZI and was assigned Complaint ID: 15889178671.

67. On or about August 25, 2024, Plaintiff received a notice from Amazon stating that Plaintiff was selling "counterfeit" Kangol Products. The report related to ASIN: B07F1XMJZ6 and was assigned Complaint ID: 15888911101.

68. Defendants have continued to submit similar reports to Amazon falsely alleging that Plaintiff was selling "counterfeit" Kangol Products.

**DEFENDANTS REPORTS ARE PART OF AN ONGIONG CRIMINAL SCHEME**

69. The above false reports are part of an ongoing and continuous course of conduct by Defendants to interfere with the ability of third-party sellers to resell Kangol Products.

70. On information and belief, Defendants have submitted numerous reports targeting sales of genuine Kangol Products by third-party sellers on Amazon.

71. The purpose of Defendants knowingly false reports is to eliminate competition on Amazon such that Defendants can unlawfully manipulate and control the price for Kangol Products on Amazon.

72. Defendants reports to Amazon constitute wire fraud under 18 U.S.C. § 1343.

**HARM TO PLAINTIFF**

73. As a result of the above false rights complaints, Plaintiff's listings relating to Kangol Products were suspended, resulting in an immediate loss of revenue.

74.     It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

75.     On information and belief, Defendants were aware that complaints to Amazon, particularly those alleging trademark infringement, result in selling suspensions.

76.     On information and belief, Defendants have used these same tactics, namely filing false infringement complaints, against other Amazon sellers.

77.     At no time has Plaintiff ever sold Kangol Products that infringed any of Defendants' intellectual property or other legal rights.

78.     The Kangol Products sold by Plaintiff were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

79.     Defendants knowingly made false intellectual property rights complaints against Plaintiff.

80.     Upon information and belief, the true purpose of these complaints was to ensure the suspension of Plaintiff's marketplace listings, control pricing, and eliminate fair competition.

81.     As a result of Defendants' false complaints, Plaintiff's performance metrics were irreparably damaged.

82.     It is well-known that as much as 90% of all Amazon sales occur from Amazon's "buy box," a section of an Amazon product detail page where customers can add a product to their cart.

83.     Amazon determines which seller gets the "buy box" based on a number of factors, including the seller's performance metrics.

84.    Defendants' false complaints have damaged Plaintiff's metrics and caused Plaintiff to lose the "buy box" on many of its product listings.

## COUNT I - DECLARATORY JUDGMENT
(No Trademark Infringement)

85.    Plaintiff realleges and incorporates all previous paragraphs.

86.    Defendants manufacture and distribute Kangol Products and place such products into the stream of commerce.

87.    Plaintiff stocks, displays, and resells new, genuine Kangol Products, each bearing a true mark.

88.    Defendants have submitted one or more complaints to Amazon that state that Plaintiff sold counterfeit Kangol Products that infringed, *inter alia*, the Kangol Registration.

89.    The Kangol Products sold by Plaintiff were not counterfeit.

90.    On information and belief, prior to the time that Defendants submitted their complaints to Amazon, Defendants purchased and examined the Kangol Product offered for sale by Plaintiff.

91.    Defendants' complaints caused the suspension of Plaintiff's selling privileges as they relate to Kangol Products.

92.    As a result of the suspension of Plaintiff's selling privileges, Plaintiff was unable to sell inventory of Kangol Products on the Amazon.com platform.

93.    Defendants' complaints put Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

94.    Under these facts, an actual controversy exists between Plaintiff and Defendants.

95.     Plaintiff is entitled to a declaratory judgment that it has not violated Defendants' trademark rights or other rights, whether under Federal or State law.

## COUNT II – DEFAMATION

96.     Plaintiff realleges and incorporates all previous paragraphs.

97.     Defendants published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff's Kangol Products infringed the Kangol Registration.

98.     Plaintiff did not infringe the Kangol Registration.

99.     Defendants' false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to Kangol Products.

100.     Defendants' false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

101.     Upon information and belief, Defendants were, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendants knew that Plaintiff sells genuine products.

102.     Defendants' false statements are not protected by any privilege.

103.     Defendants acted with actual malice or with reckless disregard for the truth of the matter contained in Defendants' false statements to Amazon and Plaintiff's customers.

104.     False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

105.     Here, Defendants published statements that Plaintiff was engaged in trademark counterfeiting.

106.     Defendants' false statements constitute defamation *per se*.

107.     Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling Kangol Products and damage to its relationship with Amazon and its customers.

108.     Whether by defamation per se or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to Kangol Products have been suspended and Plaintiff has lost sales of Kangol Products and many other products.

109.     Plaintiff is entitled to damages, costs, and fees as allowed by law.

110.     Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## COUNT III – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

111.     Plaintiff realleges and incorporates all previous paragraphs.

112.     Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

113.     Plaintiff is also in a contractual relationship with Amazon.  Specifically, Plaintiff has entered into the Amazon Services Business Solutions Agreement ("BSA") with Amazon.

114.     The BSA, including Paragraph S-1.2: (1) allows Plaintiff to list products for sale on the Amazon marketplace and promote the products; and (2) requires that Amazon process orders and remit payment to Plaintiff for sales.

115.     At all relevant times, Defendants were aware of Plaintiff's business relationship with Amazon, as well as Plaintiff's contractual relationship with Amazon.

116.     At all relevant times, Defendants were aware of the terms and conditions of Amazon's BSA and related policies, as well as the advantageous business relationship that comes with being an Amazon seller.

117.    Defendants intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by complaining, in writing, to Amazon, that Plaintiff was selling infringing products.

118.    Defendants' conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon, including a breach of Paragraph S-1.2 of the BSA.

119.    Defendants intended to cause Amazon to suspend Plaintiff's ability to sell Kangol Products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

120.    Defendants had actual knowledge that their actions would cause Amazon to suspend Plaintiff's ability to sell Kangol Products on Amazon.

121.    Defendants' accusations of infringement, made directly to Amazon, were for the improper purpose of suppressing competition.

122.    Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listings of Kangol Products to be suspended.

123.    Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused the suspension of Plaintiff's selling privileges.

124.    The intentions of Defendants are demonstrated by the fact that Defendants did not perform any test purchases prior to alleging that the products sold by Plaintiff were inauthentic.

125.    The intentions of Defendants are demonstrated by the fact that Defendants have never offered any coherent explanation for their reports of trademark infringement.

126.    Defendants' accusations were false and were made maliciously and with ill will.

127.    Plaintiff has been damaged by suspension of these listings by losing revenue related to Kangol Products.

128.    Plaintiff is entitled to damages, costs, and attorneys' fees as allowed by law.

129.    Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A.    An order declaring that Plaintiff has not infringed any valid and enforceable intellectual property right owned by Defendants, including the Kangol Registration;

B.    Preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with Defendants, from filing complaints with Amazon and any other e-commerce platform.

C.    Injunctive relief requiring Defendants to rescind all complaints that they have filed against Plaintiff;

D.    An award of all damages that Plaintiff has suffered as a result of Defendants' defamation;

E.    An award of all damages that Plaintiff has suffered as a result of Defendants' tortious interference;

F.    An award of all costs and fees incurred in this Action; and

G.    Such other and further relief as the Court shall find just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated: September 20, 2024                    Respectfully submitted,

                                             TARTER KRINSKY & DROGIN LLP

                                    By:  *s/ Mark Berkowitz*
                                         Mark Berkowitz (Bar No. 232472017)
                                         1350 Broadway
                                         New York, NY  10018
                                         Tel.:    (212) 216-8000
                                         Fax:     (212) 216-8001
                                         E-mail: mberkowitz@tarterkrinsky.com

                                         ***Attorneys for Plaintiff***

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, Plaintiff, through its attorneys, certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: September 20, 2024                    Respectfully submitted,

                                             TARTER KRINSKY & DROGIN LLP

                                     By:     _s/ Mark Berkowitz_
                                             Mark Berkowitz (Bar No. 232472017)
                                             1350 Broadway
                                             New York, NY  10018
                                             Tel.:    (212) 216-8000
                                             Fax:     (212) 216-8001
                                             E-mail:  mberkowitz@tarterkrinsky.com

                                             *Attorneys for Plaintiff*

## LOCAL CIVIL RULE 201.1 CERTIFICATION

Pursuant to Local Civil Rule 201.1, Plaintiff, through its attorneys, certifies that the above-captioned matter is not subject to compulsory arbitration.


Dated: September 20, 2024                          Respectfully submitted,

                                                   TARTER KRINSKY & DROGIN LLP

                                           By:  *s/ Mark Berkowitz*
                                                Mark Berkowitz (Bar No. 232472017)
                                                1350 Broadway
                                                New York, NY  10018
                                                Tel.:    (212) 216-8000
                                                Fax:     (212) 216-8001
                                                E-mail:  mberkowitz@tarterkrinsky.com

                                                ***Attorneys for Plaintiff***